Sternberg Law Group
Joshua L. Sternberg, Esq. (SBN 250687)
8605 Santa Monica Blvd., Suite #81823
West Hollywood, CA 90069-4109
Telephone: 310-270-4343
Facsimile: 310-270-4344
js@sternberglawgroup.com

Attorney for Chapter 13 Debtors

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| Sandi Famous<br><br>Debtor | CASE NO: 2:26-bk-17357-NB<br><br>Chapter 13<br><br>DEBTOR'S MOTION TO DETERMINE AND ENFORCE AUTOMATIC STAY AND TO PROHIBIT FURTHER POSTPETITION ACTS TO FINALIZE TRUSTEE SALE; DECLARATION OF DEBTOR; DECLARATION OF DEBTOR'S COUNSEL<br><br>**Hearing**<br><br>**Date:** 10/15/2026<br>**Time:** 8:30 a.m.<br>**Location:** 255 E. Temple Street, Los Angeles, CA 90012<br>**Courtroom:** 1545 |

TO THE HONORABLE NEIL W. BASON, THE CHAPTER 13 TRUSTEE AND ANY OTHER INTERESTED PARTIES, PLEASE TAKE NOTICE OF THE DEBTOR'S MOTION TO DETERMINE AND ENFORCE AUTOMATIC STAY AND TO PROHIBIT

FURTHER POSTPETITION ACTS TO FINALIZE TRUSTEE SALE; DECLARATION OF DEBTOR; DECLARATION OF DEBTOR’S COUNSEL

## I. INTRODUCTION

1. Debtor Sandi Famous ("Debtor") respectfully seeks an order determining and enforcing the automatic stay under 11 U.S.C. § 362 with respect to the foreclosure proceedings concerning Debtor's residential real property located at 5453 3rd Avenue, Los Angeles, California 90043 (the "Property").

The relevant chronology is set forth below:

2. On July 16, 2026 at 10:47 a.m., Quality Loan Service Corporation ("QLS"), or its authorized agent, conducted a nonjudicial foreclosure auction of the Property. The last and highest bid at the auction was $515,000.00, submitted by a third-party purchaser. The Property consists of one to four residential units, and QLS has confirmed that the $515,000 purchaser was not a prospective owner-occupant. Accordingly, the foreclosure sale remained subject to the post-auction procedures and finality provisions of California Civil Code § 2924m.

Eight days later, on July 24, 2026 at 11:37 a.m., Debtor commenced this Chapter 13 case.

3. Critically, at the moment Debtor filed bankruptcy, no eligible bidder had submitted a Notice of Intent to Place a Bid

under § 2924m. QLS has confirmed that the first such Notice was received later that same day, on July 24, 2026 at 3:23 p.m., approximately three hours and forty-six minutes after commencement of this case. Additional postpetition § 2924m activity occurred on July 30, 2026 at 3:12 p.m.

4. Accordingly, at the moment of the bankruptcy filing, the foreclosure sale had not become final under § 2924m, and Debtor continued to hold title to the Property. That interest became property of the bankruptcy estate pursuant to 11 U.S.C. § 541.

5. The Ninth Circuit Bankruptcy Appellate Panel's recently published decision in *Financial Pacific Insurance Company v. Tinsley (In re Tinsley),B.R., 2026 WL 1729811 (9th Cir. BAP June 2026)*, confirms the critical distinction between finality of a foreclosure sale under § 2924m and subsequent perfection under Civil Code § 2924h. Section 2924h's relation-back provisions may permit perfection to relate back to the auction date, but they do not retroactively transform a sale that was non-final on the bankruptcy petition date into a final prepetition sale.

6. This instance is different than *In re Stephens*, 661 B.R. 948 (Bankr. C.D. Cal. 2024) in that the qualifying overbid that ultimately prevailed had already been submitted before bankruptcy in Stephens. No affirmative postpetition act was necessary to determine the purchaser; the prepetition qualifying bid merely

became the winning bid through expiration of the statutory period.

7. Here, by contrast, the first Notice of Intent under § 2924m was submitted after Debtor filed bankruptcy and after Debtor's title became property of the estate.

8. Debtor therefore requests that the Court determine the applicability of the automatic stay and prohibit further affirmative acts to finalize the foreclosure, transfer title, record a Trustee's Deed Upon Sale, or obtain possession of the Property absent further order of this Court.

## II. RELEVANT FACTS

### A. The July 16th Trustee Sale

9. QLS conducted a nonjudicial foreclosure auction concerning the Property on July 16, 2026 at 10:47 a.m.

10. The Certificate of Sale identifies the successful purchaser as a "Third Party Bidder" and states that the Property was sold for $515,000.00, constituting the last and highest bid at the live auction.

11. The Property consists of one to four residential units. QLS has further confirmed that the successful $515,000 bidder was

not a prospective owner-occupant and that the Property was subject to Civil Code § 2924m.

12.Accordingly, completion of the live auction did not, standing alone, establish finality of the foreclosure sale.

**B. Debtor Filed Bankruptcy Before Any Notice of Intent Was Submitted**

13. Debtor commenced this Chapter 13 case on July 24, 2026 at 11:37 a.m., only eight days after the foreclosure auction.

14. At the precise time of the bankruptcy filing, no eligible bidder had submitted a Notice of Intent to Place a Bid under § 2924m.

15. QLS subsequently confirmed the following chronology:

| Event | Date and Time |
|---|---|
| Foreclosure auction | July 16, 2026 - 10:47 a.m. |
| Chapter 13 petition | July 24, 2026 - 11:37 a.m. |
| First Notice of Intent | July 24, 2026 - 3:23 p.m. |
| Additional § 2924m activity | July 30, 2026 - 3:12 p.m. |

Thus, the first Notice of Intent was received approximately three hours and forty-six minutes after the automatic stay arose.

**C. QLS Contends It May Proceed With the Trustee's Deed**

16. Following commencement of this case, Debtor provided QLS with actual written notice of the bankruptcy and demanded that QLS refrain from further actions to complete or finalize the foreclosure.

17. QLS, through its General Counsel, rejected Debtor's position and asserted that the bankruptcy filing does not prevent issuance of the Trustee's Deed Upon Sale. QLS relies principally upon Civil Code § 2924h and *In re Stephens*.

18. When specifically asked to identify the date upon which QLS contends the foreclosure sale became final, QLS responded: "Trustee's Sale was completed July 16, 2026, however, the property is subject to Cal. Civ. Code 2924m."

19. QLS similarly has not provided a date upon which the Trustee's Deed was executed, delivered, or recorded, instead repeating that the Property remains subject to § 2924m.

20. An actual controversy therefore exists regarding whether QLS may continue the post-auction foreclosure process notwithstanding the automatic stay.

## III. ARGUMENT

**A. Debtor Retained Title When She Filed Bankruptcy, and Her Interest Became Property of the Estate.**

21. Section 541(a)(1) provides that commencement of a bankruptcy case creates an estate consisting broadly of the debtor's legal and equitable interests in property. State law determines the nature and extent of those property interests. *Butner v. United States*, 440 U.S. (1979).

California Civil Code § 2924m governs the finality of covered foreclosure sales involving residential real property containing one to four units. The statute expressly provides that title remains with the trustor until the foreclosure sale becomes final under § 2924m.

22. The Ninth Circuit BAP recently addressed this precise issue in *In re Tinsley*. There, as here, the foreclosure auction occurred before bankruptcy, but the § 2924m process had not concluded when the bankruptcy petition was filed.

23. The BAP held that because the foreclosure sale was not final under § 2924m, the debtors continued to hold title on the petition date and that title became property of the bankruptcy estate.

24. The same result follows here. The $515,000 auction purchaser was not a prospective owner-occupant. Debtor filed bankruptcy only eight days after the auction and before any Notice of Intent was submitted. Indeed, QLS's own records establish that the first Notice was not received until several

hours after commencement of this case. Therefore, at 11:37 a.m. on July 24, the foreclosure sale had not become final, Debtor continued to hold title, and that interest became property of this bankruptcy estate under § 541.

**B. Section 2924h's Relation-Back Rule Concerns Perfection, Not Finality.**

25. QLS relies upon Civil Code § 2924h(c). That statute provides that a foreclosure sale may be deemed perfected as of 8:00 a.m. on the actual date of sale if the Trustee's Deed is timely recorded. It ordinarily provides a 21-day period and, where an eligible bidder submits a qualifying § 2924m notice, a 60-day perfection period. That does not resolve the issue before this Court. *Tinsley* expressly distinguishes between finality and perfection. Section 2924m determines whether and when a covered residential foreclosure sale becomes final. Section 2924h addresses subsequent perfection and, where its requirements are satisfied, the date to which that perfection relates back.

26. Thus, § 2924h may permit subsequent perfection of a foreclosure interest that was already final before bankruptcy. It does not follow that subsequent recordation can retroactively establish that a foreclosure sale was final on a date when § 2924m expressly provided that it was not.

27. That distinction is particularly important here. Debtor's interest became property of the bankruptcy estate at 11:37 a.m. on July 24. Subsequent recordation cannot retroactively eliminate the estate's interest by transforming a non-final foreclosure sale into a final prepetition sale.

**C. The Postpetition Notice of Intent Materially Distinguishes This Case From Stephens.**

28. QLS principally relies upon this Court's decision in *In re Stephens*. Debtor respectfully submits that *Stephens* involved a materially different sequence of events.

29. In *Stephens*, the eligible bidder had already submitted the qualifying overbid that ultimately prevailed before the bankruptcy petition was filed. After bankruptcy, no additional affirmative act was necessary to establish that bid as the winning bid. Upon expiration of the statutory period, the prepetition qualifying bid simply "turned out" to be the last and highest bid.

30. The Court therefore concluded, applying *City of Chicago v. Fulton*, 592 U.S. 154, 158 (2021), that the passive operation of the statutory deadline did not constitute an affirmative postpetition "act" prohibited by § 362(a)(3).Here, the relevant sequence is fundamentally different.At 11:37 a.m. on July 24, Debtor filed bankruptcy. At that moment:

1. the sale remained subject to § 2924m;
2. Debtor retained title;
3. No Notice of Intent had been submitted; and
4. No qualifying eligible-bidder process had occurred that could simply become final through the passive passage of time.

31. Only after bankruptcy, at 3:23 p.m., did an eligible bidder affirmatively submit the first Notice of Intent. Additional § 2924m activity occurred on July 30. Accordingly, this case presents the affirmative postpetition activity that was absent from *Stephens*.

**D. The Postpetition § 2924m Activity Implicates the Automatic Stay.**

32. Section 362(a)(3) stays "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." Under *Fulton*, § 362(a)(3) requires an affirmative act. The facts here satisfy that requirement in a manner the facts in *Stephens* did not.The first Notice of Intent was affirmatively submitted after bankruptcy. QLS thereafter received and processed that Notice as part of the statutory foreclosure procedure. Further postpetition activity occurred July 30.

33. Those acts are legally consequential. A Notice of Intent under § 2924m can alter the post-auction process, extend the period before finality, and potentially affect the identity of the ultimate purchaser. This was therefore not merely a prepetition transaction becoming effective automatically through the passage of time. Affirmative acts affecting property of the bankruptcy estate occurred after the stay arose.

34. Debtor acknowledges that §§ 362(b)(3) and 546(b) may permit certain postpetition acts undertaken solely to perfect a prepetition interest. But those provisions do not necessarily authorize affirmative postpetition conduct required to make an otherwise non-final foreclosure sale become final or to determine the ultimate purchaser.

35. That is the distinction upon which Debtor seeks this Court's determination.

**E. Relief Is Appropriate to Maintain the Status Quo**

36. QLS has expressly taken the position that it may proceed with issuance of the Trustee's Deed and has advised Debtor to obtain a Court order if she seeks to prevent that action.

37. Absent immediate relief, a Trustee's Deed may be issued or recorded, purported title transferred, and possession proceedings

commenced before the Court has determined the effect of the postpetition § 2924m activity.

## IV. CONCLUSION

38. When Debtor filed Chapter 13 at 11:37 a.m. on July 24, 2026, the foreclosure sale had not become final under § 2924m. The $515,000 auction purchaser was not a prospective owner-occupant, and no Notice of Intent had yet been submitted. Under *Tinsley*, Debtor therefore retained title, and that interest became property of the bankruptcy estate.

39. The first Notice of Intent was submitted 3 hours and 46 minutes after the bankruptcy filing, followed by additional postpetition § 2924m activity. Those facts materially distinguish this case from *Stephens*, where the qualifying bid that ultimately prevailed had already been submitted before bankruptcy and merely became final through the passage of time.

40. Finally, § 2924h's relation-back provisions concern perfection, not finality. They cannot retroactively establish that a foreclosure sale that remained non-final under § 2924m when bankruptcy was filed was actually final before the petition.

Accordingly, Debtor respectfully requests that the Court enter an order:

1. Determining that Debtor retained an interest in the Property when she filed bankruptcy and that such interest became property of the estate under § 541;
2. Determining that the July 16, 2026 foreclosure sale was not final as of the July 24, 2026 petition;
3. Prohibiting QLS, the beneficiary, purchaser, eligible bidders, and their agents from taking further affirmative action to finalize the foreclosure, issue or record a Trustee's Deed Upon Sale, transfer title, or obtain possession of the Property without further order of this Court;
4. Granting such other and further relief as the Court deems appropriate.

Dated: August 28, 2026

By: /s/ Joshua L. Sternberg
Joshua L. Sternberg,
Debtor’s Counsel

**DECLARATION OF DEBTOR**

I, Sandi Famous, declare as follows:

1. I am the Debtor in this Chapter 13 case. I have personal knowledge of the matters stated herein and, if called as a witness, could and would competently testify thereto.
2. I am the owner of the residential real property located at 5453 3rd Avenue, Los Angeles, California 90043 (the "Property").
3. I understand that a foreclosure auction concerning the Property occurred on July 16, 2026.
4. On July 24, 2026, at approximately 11:37 a.m., I filed my Chapter 13 bankruptcy case.
5. Following the bankruptcy filing, my attorneys notified Quality Loan Service Corporation ("QLS") of my bankruptcy and requested that no further action be taken to complete or finalize the foreclosure of my Property.
6. I desire to retain the Property and respectfully request that the Court enforce the automatic stay and prohibit any further action to finalize the foreclosure, transfer title, issue or record a Trustee's Deed Upon Sale, or obtain possession of the Property without further order of this Court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 28, 2026, at Los Angeles, California.

By: Sandi Famous
Sandi Famous, Debtor

**DECLARATION OF DEBTOR'S COUNSEL; JOSHUA L. STERNBERG**

I, Joshua L. Sternberg, declare as follows:

1. I am an attorney duly licensed to practice law in the State of California and counsel of record for Debtor Sandi Famous in this Chapter 13 case. I have personal knowledge of the matters stated herein and, if called as a witness, could and would competently testify thereto.
2. Debtor filed her Chapter 13 bankruptcy petition on July 24, 2026, at 11:37 a.m.
3. Following the filing, my office provided Quality Loan Service Corporation ("QLS") with notice of the bankruptcy and requested that QLS refrain from taking further action to complete or finalize the foreclosure of Debtor's property.
4. In communications with my office, QLS confirmed that the foreclosure auction occurred on July 16, 2026 at 10:47 a.m., and that the successful $515,000 bidder was not a prospective owner-occupant.
5. QLS further confirmed that the first Notice of Intent to Place a Bid was received on July 24, 2026 at 3:23 p.m., approximately three hours and forty-six minutes after Debtor filed bankruptcy. QLS also advised that additional activity under California Civil Code § 2924m occurred on July 30, 2026 at 3:12 p.m.

6. Despite being advised of the bankruptcy, QLS has taken the position that the bankruptcy does not prevent issuance of the Trustee's Deed Upon Sale and has declined to confirm that it will refrain from further action absent an order of this Court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _August 28, 2026, at _Los Angeles, California.

By: /s/ Joshua L. Sternberg
Joshua L. Sternberg,
Debtor's Counsel

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

8605 Santa Monica Blvd., Suite 8182
West Hollywood, CA 90069-4109

A true and correct copy of the foregoing document entitled (*specify*): DEBTOR'S MOTION TO DETERMINE AND ENFORCE AUTOMATIC STAY & TO PROHIBIT FURTHER POSTPETITION ACTS TO FINALIZE TRUSTEE SALE; DECLARATION OF DEBTOR; DECLARATION OF DEBTOR'S COUNSEL

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 08/28/2026, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Ch13 Trustee, EFiling@LATrustee.com
US Trustee, ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 08/28/2026, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Neil W. Bason
US Bankruptcy Court - Central District of California
255 E. Temple Street, Suite 1552 / Courtroom 1545
Los Angeles, CA 90012

☑ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) ________________, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 08/28/2026 | Joshua L. Sternberg | /s/ Joshua L. Sternberg |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

Label Matrix for local noticing
0973-2
Case 2:26-bk-17357-NB
Central District of California
Los Angeles
Fri Aug 28 10:22:39 PDT 2026

California Department of Tax and Fee Adminis
Collections Support Bureau, MIC 29
PO Box 942879
Sacramento, CA 94279-0029

Employment Development Dept.
Bankruptcy Group MIC 92E
P.O. Box 826880
Sacramento, CA 94280-0001

Franchise Tax Board
Bankruptcy Section MS: A-340
P.O. Box 2952
Sacramento, CA 95812-2952

(p)OFFICE OF FINANCE CITY OF LOS ANGELES
200 N SPRING ST RM 101 CITY HALL
LOS ANGELES CA 90012-3224

Los Angeles Division
255 East Temple Street,
Los Angeles, CA 90012-3332

Credit Control, LLC
3300 Rider Trail
Earth City, MO 63045-1311

Franchise Tax Board
Personal Bankruptcy MS A340
Po Box 2952
Sacramento, CA 95812-2952

IRS
P.O. Box 7346
Philadelphia, PA 19101-7346

(p)QUALITY LOAN SERVICE
2763 CAMINO DEL RIO SOUTH
SUITE 200
SAN DIEGO CA 92108-3708

Shellpoint Mortgage Servicing
PO Box 10826
Greenville, SC 29603-0826

Transworld Systems, Inc
500 Virginia Dr #514
Fort Washington, PA 19034-2733

United States Trustee (LA)
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017-3560

Joshua Sternberg
Sternberg Law Group
8605 Santa Monica Blvd
Suite #81823
West Hollywood, CA 90069-4109

Kathy A Dockery (TR)
Kathy A. Dockery, Chapter 13 Trustee
400 Corporate Pointe, Suite 420
Culver City, CA 90230-7643

Sandi Famous
5453 3rd Ave
Los Angeles, CA 90043-2627

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Los Angeles City Clerk
P.O. Box 53200
Los Angeles, CA 90053-0200

Quality Loan Service Corp
2763 Camino Del Rio S
San Diego, CA 92108-8000

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Citi Bank

(u)New York life insurance Company

End of Label Matrix

| | |
|---|---|
| Mailable recipients | 15 |
| Bypassed recipients | 2 |
| Total | 17 |

*CONTINUED PROOF OF SERVICE….*

**Served via FedEx Overnight Delivery to:**

BOUNLET LOUVAN
Quality Loan Service
2763 CAMINO DEL RIO S
DIEGO, CA 92108

Quality Loan Service
108 1ST AVENUE SOUTH, SUITE 450
SEATTLE, WA 98104

Newrez LLC dba Shellpoint Mortgage Servicing
1100 VIRGINIA DRIVE
SUITE 125
FORT WASHINGTON, PA 19034

Newrez LLC dba Shellpoint Mortgage Servicing
c/o REBECCA VANG - CSC - LAWYERS INC
2710 GATEWAY OAKS DRIVE
SACRAMENTO, CA 95833

US Bank Trust National Association
1011 Centre Road
Suite 203
Wilmington, DE 19805

**Serviced via United States mail, first class, postage prepaid to:**

Newrez LLC dba Shellpoint Mortgage Servicing
PO Box 619063
Dallas, TX 75261

Franchise Tax Board
Bankruptcy Section MS: A-340
PO Box 2952
Sacramento, CA 95812-2952

IRS
PO Box 7346
Philadelphia, PA 19101-7346